**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13676

Non-Argument Calendar

————————————

SVETLANA N. WRIGHTSON,

*Plaintiff-Appellant,*

*versus*

SECRETARY OF THE TREASURY,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-62453-RS

————————————

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Svetlana Wrightson appeals the district court's or-
der dismissing her corrected amended complaint against the Secre-

tary of the Treasury ("the Secretary") that alleged hostile work environment and retaliation claims, both in violation of Title VII. First, Wrightson argues that the district court erred in dismissing her hostile work environment claim by using a heightened pleading standard to evaluate the claim and because she sufficiently alleged facts that established her subjection to gender-based harassment. Second, Wrightson argues that the district court erred in dismissing her retaliation claim by incorrectly finding that she abandoned the claim, using the wrong standard to evaluate her claim, and by concluding that she failed to adequately allege that she was subject to materially adverse employment actions that were retaliatory in nature. Having reviewed the record and read the parties' briefs, we affirm the district court's order of dismissal.

## I.

"We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim." *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019). In reviewing dismissals under Fed. R. Civ. P. 12(b)(6), we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). To overcome a Rule 12(b)(6) motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quotation marks omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim is facially plausible when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *STME, LLC*, 938 F.3d at 1313 (quoting *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017)). Filing a pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79, 127 S. Ct. at 1950.

## II.

In order to sufficiently plead a hostile work environment, an employee must allege that: "(1) [s]he belongs to a protected group; (2) [s]he suffered unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee . . . ; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of either direct liability or vicarious liability." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020). To fulfill the severity/pervasiveness element, "an employee must prove that his work environment was both subjectively and

objectively hostile." *Id.* We analyze the following factors in determining objective hostility under the totality of the circumstances: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc)). Harassment that is infrequent but severe can be the basis of a hostile work environment claim, as can harassment that is frequent but not as severe. *Copeland v. Ga. Dep't of Corr.*, 97 F.4th 766, 776 (11th Cir. 2024).

This court has determined that "one instance of physical touching," "two instances in which [a supervisor] made a sniffing sound while looking at [the plaintiff's] groin," along with frequent "following/staring" was not severe enough to constitute a hostile work environment. *Mendoza*, 195 F.3d at 1247, 1249. Conversely, we found conduct that included "unwanted massages, standing so close to [the plaintiff] that his body parts touched her from behind, and pulling his pants tight to reveal the imprint of his private parts" to be sufficiently severe, as well as "physically threatening and humiliating." *Johnson v. Booker T. Washington Broad. Serv.*, 234 F.3d 501, 509 (11th Cir. 2000). However, the "sporadic use of abusive language, gender-related jokes, and occasional teasing" are the "ordinary tribulations of the workplace" rather than the basis for a hostile work environment claim. *Tonkyro v. Sec'y, VA*, 995 F.3d 828, 837 (11th Cir. 2021) (quoting *Faragher v. Cty. of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 2284 (1998)). Harassment that transpires in

front of fellow employees "is especially humiliating." *Copeland*, 97 F.4th at 779.

The record here demonstrates that the district court did not err in dismissing Wrightson's hostile work environment claim for failure to a state claim. Wrightson failed to allege conduct that was either pervasive or frequent, as she alleged several instances of harassment from her manager occurring over just two days and involving a single individual, without providing any information as to the frequency of the conduct over those two days. Additionally, Wrightson's allegations that her manager stared at her, made "sexually suggestive" gestures with his index fingers by pointing them at her and "moving them in such a way as to display his masculinity," invaded her personal space, looked at her manicured fingers, said "Oh screw that!," and loudly told his wife that he loved her, do not support a reasonable inference that the harassment was severe. Further, those allegations would not make a reasonable employee fear for her safety, and Wrightson did not allege that the conduct unreasonably interfered with her job performance. Thus, we affirm the district court's order dismissing Wrightson's hostile work environment claim.

## III.

We review for abuse of discretion whether the district court should have granted a plaintiff leave to amend her complaint *sua sponte*. *Horton v. Gilchrist*, 128 F.4th 1221, 1224 (11th Cir. 2025), *cert. denied*, ___ U.S. ___, 146 S. Ct. 303 (2025). A court abuses its dis-

cretion when it uses an improper legal standard or incorrectly applies the law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015).

## IV.

"A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). A causal connection can be established by showing there was a close "temporal proximity" between protected activity and an adverse employment action. *Copeland*, 97 F.4th at 783. Further, the causation element requires a plaintiff to show that the decisionmaker was aware of the protected conduct. *Joyner v. City of Atlanta*, 170 F.4th 1320, 1334 (11th Cir. 2026).

Title VII's anti-retaliation provision applies only when the retaliatory action is "materially adverse," meaning that it causes "significant" harm. *Muldrow v. City of St. Louis*, 601 U.S. 346, 357, 144 S. Ct. 967, 976 (2024) (citation omitted). The test was meant to capture those employer actions serious enough to "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Id*. An action causing less serious harm will not deter Title VII enforcement and so falls outside the purposes of the ban on retaliation. *Id*.

Prior to *Muldrow*, "to prove [an] adverse employment action in a case under Title VII's anti-discrimination clause, an employee

[had to] show *a serious and material* change in the terms, conditions, or privileges of employment." *Holland v. Gee*, 677 F.3d 1047, 1057 (11th Cir. 2012) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001), *overruled in part by Burlington Northern v. Santa Fe Railway Co., v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006)). However, the Supreme Court in *Muldrow* held that Title VII's discrimination provision imposed no significant-harm requirement and a plaintiff instead must show only "some harm." 601 U.S. at 353-55, 144 S. Ct. at 973-75. The Supreme Court noted that Title VII retaliation claims required significant harm, but declined to impose the same standard for discrimination claims. *Id.* at 357-58, 144 S. Ct. at 975-76.

Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as of right within 21 days of service or within 21 days of service of a responsive pleading or motion pursuant to Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "For purposes of this Rule, a motion to dismiss is not a responsive pleading." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007). After that period, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). We review a district court's denial of leave to amend a complaint under an abuse-of-discretion standard. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

Contrary to Wrightson's assertion, the district court did not dismiss her retaliation claim as abandoned or under the law of the case doctrine. Rather, the district court determined that her corrected amended complaint failed to state a claim for retaliation under Title VII and dismissed the complaint pursuant to Rule of Civil Procedure 12(b)(6). However, as both parties concede, the district court did utilize the incorrect standard for establishing an adverse employment action in the discrimination context rather than the standard set forth in *Burlington Northern* for evaluating Title VII retaliation claims.

Although the district court used the incorrect legal standard to evaluate Wrightson's claim, we may affirm on any ground supported by the record. *See Olhausen v. Arriva Med., LLC*, 124 F.4th 851, 864 (11th Cir. 2024) (*quoting Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)). Based on the record, the district court's dismissal was proper because Wrightson did not sufficiently allege a causal connection between her protected conduct and the retaliatory actions. Wrightson did not specify when the retaliatory conduct occurred nor did she sufficiently allege that she suffered significant harm that would dissuade a reasonable employee from reporting discrimination. Wrightson's conclusory allegations of increased scrutiny, unreasonable deadlines, and sabotage of her work do not establish the kind of significant harm required to constitute adverse employment actions under Title VII's anti-retaliation provision. Thus, we affirm the district court's order of dismissal on Wrightson's retaliation claim.

25-13676              Opinion of the Court                    9

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Wrightson's Title VII hostile work environment and retaliation claims.

**AFFIRMED.**